## THE STATE OF LOUISIANA *v.* WM. ROSS AND GEORGE ROGERS.

This Court has appellate jurisdiction in criminal matters on questions of law alone, whenever the offence charged is punishable with death, or imprisonment at hard labor, or when a fine exceeding three hundred dollars, is actually imposed. (Constitution, Article 70.)

The criminal law has not determined at what age a witness is competent; that competency depends upon his intelligence, reason, judgment, capacity and understanding, which are all matters of facts left to the discretion of the Judge and jury. As to the dying declaration, this Court, in the case of *State* v. *Bennett*, 14 A. 651, has decided that the mental and physical condition of one, whose dying declarations are offered, is a question of fact over which the Supreme Court has no jurisdiction.

APPEAL from the District Court of the Parish of Jefferson, *Cazabat*, J. Hon. *A. J. Herron*, Attorney General, for the State. *W. T. Scott* and *N. Commandeur*, for defendants and appellants.

LABAUVE, J. The defendants and accused, having been found guilty

of murder, were sentenced to suffer capital punishment; they have appealed to this Court.

This case comes up upon a bill of exceptions taken to the opinion of the Court, in admitting before the jury the dying declaration of Lena, the victim of the murder; the question is presented in the following bill of exceptions :

Be it remembered that on the trial of this case, prisoners' counsel objected to the admission of the dying declarations of Lena, the victim of the murder for which prisoners have been tried and convicted, but the Court overruled the objections, and permitted said dying declaration to go to the jury.

Because, from the preliminary examination by the Court of the circumstances, under which the declarations were made, it appeared to the satisfaction of the Court :

1. That they were made in extremis as contemplated and required by law.

2. The declarant, Lena, if living, would have been competent to testify, because, from the evidence, it is shown that she was about nine or ten years of age, of good size, a very sensible, smart, intelligent girl, (to use the very expressions of witness, who knew her well) she had been to school, and church several times, and was by her age, training and bright mind, sufficiently able to understand the character and obligation of an oath.

Besides, it was proved that when she spoke and made her dying declarations, verbally, she was quiet, perfectly composed, in her right mind, and appeared to know well what she said.

3. The declarations were made by Lena at two different times in presence and within the hearing of four witnesses, who testified to the same. Both of her statements were short and identical; she stated and declared "Ross struck me upon the head with a hatchet."

The terrible wounds inflicted upon her head, had been dressed by the doctor, and she did not speak for several hours, but towards night she appeared somewhat quiet; she asked for some water, and made the aforesaid declaration at that time, and repeated the same thing the next morning before she was removed to the hospital.

All the facts and circumstances connected with the case tend to show that the declarations were *made under a sense of impending death.*

The words and expressions used by declarant, "Oh, Lord, Oh, Lord," the evident and extreme danger of her critical condition, the opinion of medical men, the testimony of parties who attended upon her, and saw her at the time, the very short time that elapsed between the inflicting of the wounds, the declarations, and the death of declarant, everything indicates that the dying declarations of Lena were *made under a sense of impending death.*

The wounds were inflicted upon her on the afternoon of the 25th July,

1865, and she died on the morning of the 27th of said month.

The Court therefore admitted said dying declarations, and let the same go to the jury with proper instructions.

But the prisoners' counsel excepted to the ruling and opinion of the Court, and tendered this bill of exceptions to be signed in open Court, which is hereby done according to law.    November 29th 1865.

(Signed)                    A. CAZABAT, Judge 2d Dist. Court La.

We are of opinion that this bill of exceptions presents to our consideration, entirely questions of facts and not of law alone.

We have appellate jurisdiction in criminal matters on questions of law alone, whenever the offence charged is punishable with death, or imprisonment at hard labor, or where a fine exceeding three hundred dollars is actually imposed.   Constitution, Article 70.

The criminal law has not determined at what age a witness is competent; that competency depends upon his intelligence, reason, judgment, capacity and understanding, which are all matters of facts left to the discretion of the Judge and jury.   As to the dying declaration, this Court, in the case of *State* v. *Bennett,* 14 A. 651, has decided that the mental and physical condition of one, whose dying declarations are offered, is a question of fact over which the Supreme Court has no jurisdiction.

It is therefore ordered, adjudged and decreed, that this appeal be. dismissed, at the costs of the appellants.